IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITNEY CASTILLO-CRUZ, § | | |
| Movant, § | | |
| § | | 3:17-cv-1089-N (BT) |
| v. § | | 3:14-cr-0501-N (BT) |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Movant Whitney Castillo-Cruz, a federal prisoner, proceeding *pro se,* filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred this resulting cause of action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Section 2255 motion should be denied.

I.

Movant pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(c). On April 18, 2016, the District Court sentenced her to 120 months in prison. Movant did not file an appeal.

On April 16, 2017, Movant filed the instant Section 2255 motion, in which she argues she received ineffective assistance of counsel, and the prosecutor committed misconduct.

II.

**1.   Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, Movant must prove prejudice. To prove such prejudice, Movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a movant argues her guilty plea was not voluntary due to ineffective assistance of counsel, she must show that her counsel's advice to plead guilty fell

below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, the movant must show prejudice by establishing "but for [her] counsel's alleged erroneous advice, [she] would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id.* at 206 (citing *Hill*, 474 U.S. at 56-58).

Here, Movant states, "I received ineffective assistance of counsel at the plea phase and the sentencing phase of my case." (ECF No. 2 at 5.) Although she states she will supplement this claim, she has failed to file any further information regarding this claim. Movant's conclusory allegation should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

2.   **Prosecutorial Misconduct**

Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). When a movant asserts a due process violation, the Court must determine whether the prosecutorial comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Here, Movant states, "Prosecutorial (as well as law enforcement) misconduct tainted my case to such an extent that I was deprived of my right to a fair trial under the Constitution." (ECF No. 2 at 6.) Movant states she will supplement this issue, but she failed to file any further facts or information regarding her claim. Movant's conclusory allegation should be denied.

### III.

The motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 should be denied.

Signed June 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).